2011 UT App 265

STATE of Utah, Plaintiff and Appellee,

v.

John Andrew LIGHT, Defendant and Appellant.

No. 20110503–CA.

Court of Appeals of Utah.

Aug. 11, 2011.

Gary G. Kuhlmann and Nicolas D. Turner, St. George, for Appellant.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 John Andrew Light appeals from his sentence, judgment, and order of commitment, entered on May 9, 2011. Light asserts that his trial counsel was ineffective based upon counsel's advice to Light when Light was considering entering his guilty pleas. This matter is before the court on its sua sponte motion for summary disposition due to lack of jurisdiction.

¶ 2 In order to challenge the validity of a guilty plea, a defendant must file a motion to withdraw his plea before the sentence is announced. *See* Utah Code Ann. § 77–13–6(2)(b) (2008); *State v. Merrill,* 2005 UT 34, ¶¶ 13–20, 114 P.3d 585. Absent a timely filed motion to withdraw a guilty plea, this court does not have jurisdiction over a direct appeal to review the validity of the plea. *See Merrill,* 2005 UT 34, ¶¶ 13–20, 114 P.3d 585; *see also* Utah Code Ann. § 77–13–6(2)(c) ("Any challenge to a guilty plea not made within the time period specified in Subsection (2)(b) shall be pursued under Title 78B, Chapter 9, Post–Conviction Remedies Act, and Rule 65C, Utah Rules of Civil Procedure."). This jurisdictional bar extends to claims concerning the effectiveness of counsel. *See State v. Rhinehart,* 2007 UT 61, ¶ 14, 167 P.3d 1046.

¶ 3 Light asserts that he did not knowingly and voluntarily enter his guilty pleas because his appointed counsel pressured him into entering the plea and did not adequately defend Light's interests. Such an issue relates to the validity of the plea. Because Light never filed a motion to withdraw his plea prior to sentencing, this court lacks jurisdiction to review the issue and has no choice but to

dismiss the appeal.[1] *See Merrill,* 2005 UT 34, ¶ 20, 114 P.3d 585. If Light seeks to challenge the validity of his plea, he must do so pursuant to Utah Code section 77–13–6(2)(c).

¶ 4 Accordingly, we dismiss the appeal.

---

1. Light asserts that he attempted to withdraw his plea via a letter to the court dated April 14, 2011. However, this letter does not appear in the rec-

ord, nor does the record reflect any other attempt to withdraw his guilty plea prior to sentencing.